United States District Court
Southern District of Texas

**ENTERED**

December 03, 2021

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DYLAN WAYNE GUNNELS, | § | |
| SPN #02078412, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. H-21-2583 |
| v. | § | |
| | § | |
| HARRIS COUNTY, TEXAS, et al., | § | |
| | § | |
| · Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Dylan Wayne Gunnels, also known as Dave Graham (SPN #02078412, former TDCJ #1335223), has filed a Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), alleging that a law enforcement officer made false statements to the media about him. The Complaint includes a Pro Se Statement of Claim that provides additional details ("Statement of Claim") (Docket Entry No. 1-1). At the court's request, Gunnels has supplemented his pleadings with Plaintiff's More Definite Statement ("Plaintiff's MDS") (Docket Entry No. 8). He also recently filed a Request for Appointment of Counsel to an Indigent Civil Litigant (Docket Entry No. 10). That request will be denied, and this case will be dismissed for the reasons explained below.

## I.  **Background**

Gunnels was arrested and admitted to the Harris County Jail most recently on November 5, 2020.[1]  He has been charged with at least a dozen felony offenses, which are pending against him in the 177th District Court of Harris County, Texas:  (1) unauthorized use of a motor vehicle in Case No. 1619751; (2) evading detention or arrest with a motor vehicle in Case No. 1631229; (3) evading detention or arrest with a motor vehicle in Case No. 1632294; (4) unauthorized use of a motor vehicle in Case No. 1649022; (5) criminal mischief in Case No. 1649025; (6) unauthorized use of a motor vehicle in Case No. 1662528; (7) tampering with a government record in Case No. 1665839; (8) evading detention or arrest with a motor vehicle in Case No. 1665840; (9) possession of a controlled substance in Case No. 1666861; (10) forgery in Case No. 1666872; (11) possession of a controlled substance in Case No. 1697033; (12) evading detention or arrest with a motor vehicle in Case No. 1697034; and (13) unauthorized use of a motor vehicle in Case No. 1708258.[2]

The pending civil rights Complaint stems from an incident that occurred on September 28, 2019.[3]  Gunnels explains that while attempting a traffic stop Officer F. Acevedo discharged his

---

[1]Plaintiff's MDS, Docket Entry No. 8, p. 1, response to Question 1.  For purposes of identification all page numbers refer to the pagination imprinted on each docket entry by the court's electronic case filing system, ECF.

[2]Id. at 2-14, responses to Question 3.

[3]Complaint, Docket Entry No. 1, p. 4.

firearm, striking the vehicle that Gunnels was driving and wounding Gunnels in the arm and head.[4]   Following that incident, Sergeant Dennis Wolford reportedly issued a statement to the media that was broadcast on the news and on a website operated by "ABC 13," stating that "the plaintiff or suspect in question" had attempted to run over Officer Acevedo.[5]   Sergeant Wolford also reportedly stated that the suspect was later "found [dead]" when, in fact, Gunnels fled the scene and was not apprehended for months.[6]

Gunnels has filed a separate lawsuit against Officer Acevedo, Harris County, and Sheriff Ed Gonzalez, regarding the incident that occurred on September 28, 2019.[7]   Gunnels contends that Officer Acevedo used deadly force in a manner that conflicts with official policies of the Harris County Sheriff's Office.[8]   His lawsuit against Officer Acevedo is currently stayed pending the outcome of

---

[4]Id. at 5; Statement of Claim, Docket Entry No. 1-1, p. 1.

[5]Statement of Claim, Docket Entry No. 1-1, p. 2; Plaintiff's MDS, Docket Entry No. 8, p. 15, response to Question 4.

[6]Id.   Gunnels contends that these statements were widely reported "on multiple stations and paper media press," including The Houston Chronicle.  See Plaintiff's MDS, Docket Entry No. 8, pp. 15, 17, and 18, responses to Questions 4, 7, and 8.  However, court personnel have been unable to locate a single media account referencing the statements attributed to Sergeant Wolford or identifying Gunnels by name.

[7]Complaint, Docket Entry No. 1, p. 9; Plaintiff's MDS, Docket Entry No. 8, p. 20, response to Question 12.

[8]Plaintiff's MDS, Docket Entry No. 8, p. 15, response to Question 4. Gunnels references the policy on Use of Force (Policy # 501) and the policy on Use and Discharge of Firearms (Policy # 505).  See id. (referencing portions of those policies attached as Exhibits A and B).

criminal charges that were filed against Gunnels as a result of the incident that occurred on September 28, 2019.   See Gunnels v. Acevedo, et al., H-20-1834 (S.D. Tex. June 2, 2020) (Docket Entry No. 6).  Because Gunnels has filed a separate lawsuit involving the use of force by Officer Acevedo, the court does not consider any of those allegations in this case.[9]

In the pending Complaint that Gunnels filed in this case, he sues Harris County, Sheriff Gonzalez, and Sergeant Wolford in connection with Wolford's comments to the media on September 28, 2019, which Gunnels claims were defamatory.[10]  As a result of media accounts stating that he tried to "run over a cop and witness," Gunnels claims that family and friends no longer speak to him, his bond has been set at $6,529,999.00, he has been retaliated against by detention officers at the Jail, and his future job opportunities have been damaged.[11]  Invoking 42 U.S.C. § 1983, Gunnels seeks $10 million in punitive damages.[12]

---

[9]Gunnels may not litigate the same claims in two different lawsuits.  A complaint may be dismissed as malicious under 28 U.S.C. § 1915(e)(2)(B) if it duplicates allegations made in another federal lawsuit by the same plaintiff.  See Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993) (per curiam).  To the extent that Gunnels has raised claims involving Officer Acevedo in this case, those claims are dismissed pursuant to § 1915(e)(2)(B).

[10]Complaint, Docket Entry No. 1, pp. 11, 13-14; Plaintiff's MDS, Docket Entry No. 8, p. 15.

[11]Plaintiff's MDS, Docket Entry No. 8, p. 18, response to Question 9.

[12]Complaint, Docket Entry No. 1, p. 5.  Although Gunnels also appears to request compensatory damages for injuries inflicted upon
(continued...)

## II.  **Standard of Review**

Federal district courts are required by the Prison Litigation Reform Act ("PLRA") to screen prisoner complaints to identify any cognizable claims or dismiss the case if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  See Crawford-El v. Britton, 118 S. Ct. 1584, 1596 (1998) (summarizing provisions found in the PLRA, including the requirement that district courts screen prisoners' complaints and summarily dismiss frivolous, malicious, or meritless actions); see also Coleman v. Tollefson, 135 S. Ct. 1759, 1761-62 (2015) (discussing the screening provision found in the federal in forma pauperis statute, 28 U.S.C. § 1915(e)(2), and reforms enacted by the PLRA that were "'designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good'") (quoting Jones v. Bock, 127 S. Ct. 910, 914 (2007)) (alteration in original).

A complaint is frivolous if it "'lacks an arguable basis either in law or in fact.'"  Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992) (quoting Neitzke v. Williams, 109 S. Ct. 1827, 1831 (1989)).  "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly

---

[12](...continued)
him by Officer Acevedo, the court does not consider these claims because, for reasons outlined above, those claims are pending in a separate lawsuit against Officer Acevedo.

does not exist." <u>Harper v. Showers,</u> 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation marks and citations omitted). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." <u>Talib v. Gilley,</u> 138 F.3d 211, 213 (5th Cir. 1998) (citation omitted).

To avoid dismissal for failure to state a claim, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" <u>Bell Atlantic Corp. v. Twombly,</u> 127 S. Ct. 1955, 1965 (2007) (citation omitted). If the complaint has not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. <u>Id.</u> at 1974. In making this determination a reviewing court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." <u>Heinze v. Tesco Corporation,</u> 971 F.3d 475, 479 (5th Cir. 2020). But it need not accept as true any "conclusory allegations, unwarranted factual inferences, or legal conclusions." <u>Id.</u> (internal quotation marks and citations omitted); <u>see also White v. U.S. Corrections, LLC,</u> 996 F.3d 302, 307 (5th Cir. 2021) (same). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal,</u> 129 S. Ct. 1937, 1949 (2009) (citing <u>Twombly,</u> 127 S. Ct. at 1965).

The plaintiff represents himself in this case. Courts are required to give a pro se litigant's contentions a liberal construction. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curiam) (citation omitted); see also Haines v. Kerner, 92 S. Ct. 594, 595-96 (1972) (per curiam) (noting that allegations in a pro se complaint, however inartfully pleaded, are held to less stringent standards than formal pleadings drafted by lawyers). Even under this lenient standard, pro se litigants are still required to "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief[.]" E.E.O.C. v. Simbaki, Ltd., 767 F.3d 475, 484 (5th Cir. 2014) (citations omitted).

### III.  Discussion

### A.  Claims Against Sergeant Wolford

The primary claim asserted by Gunnels is that Sergeant Wolford made false and defamatory comments about him to the media on September 28, 2019.[13]  To state a claim under 42 U.S.C. § 1983, however, a plaintiff must show (1) a violation of the Constitution or of federal law and (2) that the violation was committed by someone acting under color of state law. See Atteberry v. Nocona Gen. Hosp., 430 F.3d 245, 252-53 (5th Cir. 2005) (citations

---

[13]Plaintiff's MDS, Docket Entry No. 8, p. 15, response to Question 4.  Although Gunnels also claims that Sergeant Wolford is liable for failing to supervise Officer Acevedo, he alleges no facts showing that Wolford had any supervisory authority over him. See id. at 17, response to Question 7.

omitted). Allegations of defamation do not state a claim under § 1983 because claims of libel or slander are actionable, if at all, only under state law. See Cook v. Houston Post, 616 F.2d 791, 794-95 (5th Cir. 1980). Because defamation is not actionable under § 1983, the claims against Sergeant Wolford will be dismissed.[14] See Mowbray v. Cameron County, Texas, 274 F.3d 269, 277 (5th Cir. 2001) (observing that allegations of slander do not state a claim under § 1983).

## B. Claims Against Harris County

Gunnels contends that Harris County is liable for the defamatory comments made by Sergeant Wolford because it has "an unwritten policy that it is OK for ranking officers to lie and cover up policy violations by other county officials."[15] It is well established that a municipal entity is not vicariously liable under a theory of respondeat superior for wrongdoing committed by its employees. See Monell v. Dep't of Social Services of City of

---

[14]To the extent that Gunnels asserts a claim under state law, a claim of defamation in Texas is governed by a one-year statute of limitations. See Tex. Civ. Prac. & Rem. Code § 16.002(a). A cause of action for defamation accrues when a defamatory statement is published. See San Antonio Credit Union v. O'Connor, 115 S.W.3d 82, 96 (Tex. App. — San Antonio 2003, pet. denied) (citing Kelley v. Rinkle, 532 S.W.2d 947, 949 (Tex. 1976)). The Complaint in this case was executed by Gunnels on July 26, 2021. See Complaint, Docket Entry No. 1, p. 11. Therefore, his claims concerning comments that were reportedly published on September 28, 2019, are outside the one-year statute of limitations. For this additional reason, the claims against Sergeant Wolford will be dismissed.

[15]Plaintiff's MDS, Docket Entry No. 8, p. 19, response to Question 11.

-8-

<u>New York,</u> 98 S. Ct. 2018, 2036 (1978) ("[W]e conclude that a
municipality cannot be held liable <u>solely</u> because it employs a
tortfeasor — or, in other words, a municipality cannot be held
liable under § 1983 on a <u>respondeat superior</u> theory.") (emphasis in
original). To state a claim for municipal liability under 42
U.S.C. § 1983, a plaintiff must allege "(1) an official policy (or
custom), of which (2) a policy maker can be charged with actual or
constructive knowledge, and (3) a constitutional violation whose
'moving force' is that policy (or custom)." <u>Pineda v. City of
Houston,</u> 291 F.3d 325, 328 (5th Cir. 2002); <u>see also Monell,</u> 98
S. Ct. at 2037-38.

Gunnels, who takes issue with an isolated instance in which
statements were made to the media by one officer, does not allege
facts that are sufficient to establish a policy or to state a claim
for relief against Harris County as a municipality. <u>See Peterson
v. City of Fort Worth, Texas,</u> 588 F.3d 838, 847 (5th Cir. 2009) ("A
municipality is almost never liable for an isolated unconstitu-
tional act on the part of an employee; it is liable only for acts
directly attributable to it 'through some official action or
imprimatur.'") (quoting <u>Piotrowski v. City of Houston,</u> 237 F.3d
567, 578 (5th Cir. 2001)). More importantly, Gunnels does not
demonstrate that the statements in question violated his
constitutional rights. <u>See Paul v. Davis,</u> 96 S. Ct. 1155, 1165-66
(1976) (recognizing that while state tort law may protect against
injury to reputation, a person's reputation does not implicate a

liberty or property interest protected by Constitution).  As a result, Gunnels fails to state a claim for municipal liability against Harris County.

## C.   Claims Against Sheriff Gonzalez

Gunnels contends that Sheriff Gonzalez is liable for failing to "train and supervise" Sergeant Wolford.[16]  To establish liability under 42 U.S.C. § 1983 under these circumstances, the plaintiff must show that:  "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference."  Goodman v. Harris County, 571 F.3d 388, 395 (5th Cir. 2009) (citation omitted).  In this context, a showing of deliberate indifference requires "a showing of more than a single instance of the lack of training or supervision causing a violation of constitutional rights."  Brumfield v. Hollins, 551 F.3d 322, 329 (5th Cir. 2008) (internal quotation marks and citation omitted).

Gunnels does not allege facts specifying how Harris County's training program is deficient where statements to the media are concerned.  This is fatal to his claim.  See Quinn v. Guerrero, 863 F.3d 353, 365 (5th Cir. 2017) (In failure-to-train cases,

---

[16]Plaintiff's MDS, Docket Entry No 8, p. 19, response to Question 10.

"[d]efects in a particular training program must be specifically alleged."); <u>Roberts v. City of Shreveport,</u> 397 F.3d 287, 293 (5th Cir. 2005) ("[F]or liability to attach based on an 'inadequate training' claim, a plaintiff must allege with specificity how a particular training program is defective.") (citation omitted).

Likewise, as noted above, Gunnels takes issue with an isolated incident involving one officer's comments to the media, which is insufficient to establish that his constitutional rights were violated or that Harris County has adopted an inadequate training program with the requisite deliberate indifference.  <u>See Zarnow v. City of Wichita Falls, Texas,</u> 614 F.3d 161, 170 (5th Cir. 2010) (noting that the Fifth Circuit "has previously rejected attempts by plaintiffs to present evidence of isolated violations and ascribe those violations to a failure to train") (citation omitted); <u>see also Connick v. Thompson,</u> 131 S. Ct. 1350, 1360 (2011) (explaining that "[a] pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train") (quoting <u>Board of County Commissioners of Bryan County, Oklahoma v. Brown,</u> 117 S. Ct. 1382, 1391 (1997)).  Therefore, Gunnels has failed to state a claim against Sheriff Gonzalez.

Absent a valid claim against any of the defendants, the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

### IV.  <u>Conclusion and Order</u>

Based on the foregoing, the court **ORDERS** as follows:

1.  The Complaint for Violation of Civil Rights filed
    by Dylan Wayne Gunnels (Docket Entry No. 1) is
    **DISMISSED WITH PREJUDICE**.

2.  The dismissal will count as a **STRIKE** for purposes
    of 28 U.S.C. § 1915(g).

3.  The plaintiff's Request for Appointment of Counsel
    to an Indigent Civil Litigant (Docket Entry No. 10)
    is **DENIED**.

The Clerk is directed to provide a copy of this Memorandum
Opinion and Order to the plaintiff.  The Clerk will also provide a
copy to the Manager of the Three-Strikes List for the Southern
District of Texas.

**SIGNED** at Houston, Texas, on this 3rd day of December, 2021.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-12-